UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| ANTHONY C. MARTIN, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | CAUSE NO. 1:11-CV-352 |
| FORT WAYNE POLICE DEPT., et al., | ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on *pro se* Plaintiff Anthony Martin's "Request/Reconsideration of Motion to Compel Discovery from Defendants" (hereinafter referred to as "Pl.'s Mot. to Compel") (Docket # 74), which the Court has liberally deemed a motion to compel (Docket # 76). In the motion, Martin asserts that the Defendants have not properly responded to his first and second requests for production of documents. Defendants filed a response to Martin's motion on November 6, 2012 (Docket # 77), and Martin replied on November 19, 2012 (Docket # 81). As such, the motion is now ripe for ruling. For the following reasons, Martin's motion to compel will be DENIED.

In his motion, Martin argues that Defendants "have not supplied or [given]" him any documents responsive to his First Request for Production of Documents "A, B, [and] C"[1] (Docket # 33) as Defendants "objected and just mentioned what they thought was available."

---

[1] Because Martin uses numbers, rather than letters, to identify his requests in his First Request for Production of Document, the Court assumes that Martin is referring to request numbers 1, 2, and 3 of this request for production. For the first time in his reply, Martin also argues that Defendants failed to respond to request numbers 4, 5, and 6 of his first discovery request. (*See* Pl.'s Reply to Defs.' Resp. to Pl.'s Mot. to Compel Disc. ("Pl.'s Reply") 2.)

1

(Pl.'s Mot. to Compel 1.) Similarly, as to his Second Request for Production of Documents (Docket # 61), Martin claims that Defendants have not complied with requests A, B, C, and D. (Pl.'s Mot. to Compel 1.) Defendants respond to each disputed request individually by reiterating the objections they made in their responses and identifying the responsive documents they produced. (*See* Defs.' Resp. to "Pl. Request/Reconsideration of Mot. to Compel Disc. from Defs." ("Def.'s Resp.") 3-8.)

Martin then replied with five primary arguments for why his motion to compel should be granted: (1) Defendants and their attorney have a practice or pattern of withholding documents or failing to identify possible witnesses; (2) Defendants have not complied with his first or second requests for production of documents and have instead placed a "smoke screen" before the Court and "taunt[ed]" him with relevant facts and documents that have yet to be turned over to him; (3) Martin has previously filed motions to compel against Defendants and their attorney in other cases;[2] (4) Defendants have not handed over any discovery; and (5) Defendants mailed each of their discovery responses to his eight pending cases in this Court together, rather than separately. (Pl.'s Reply 1-3.)

What is wholly missing from Martin's motion and reply, however, is an attempt to identify with any particularity how any of Defendants' specific responses are purportedly inadequate such that the Court could discern whether an order to supplement a response is necessary.[3] *See, e.g.*, *Morris v. Ley*, No. 05-C-0458, 2006 WL 2585029, at *2 (E.D. Wis. Sept. 7,

---

[2] As Martin's filing illustrates, he is no novice at bringing civil rights actions, having filed and pursued (at last count) over two dozen such cases.

[3] Unfortunately, Martin's failure to specify in his motions to compel the documents or responses he seeks is a chronic and long-standing deficiency. *See, e.g.*, *Anthony Martin v. Fort Wayne Police Dept.*, No. 1:09-cv-74, Sept. 18, 2009, Order (Docket # 20).

2006) (denying *pro se* plaintiff's motion to compel because it was "nearly impossible to ascertain which documents the plaintiff seeks to have produced"). Rather, Martin makes blanket, and unsupported, assertions that Defendants and their attorney have a "set pattern" of withholding documents and are placing a "smoke screen" before the Court. (Pl.'s Reply 1-2.) Such unsupported speculation is insufficient to support Martin's motion to compel. *In re Appl. for an Order for Judicial Assistance in a Foreign Proceeding in the Labor Court of Brazil*, 244 F.R.D. 434, 438 (N.D. Ill. 2007); *see Cohn v. Taco Bell Corp.*, No. 92 C 5852, 1995 WL 519968, at *4 (N.D. Ill. Aug. 30, 1995) (holding that materials produced by the parties, and defendant's assertion that plaintiffs were withholding discoverable documents, did not suggest that plaintiffs were in fact withholding relevant documents).

Furthermore, the record reflects that Defendants did indeed respond to Martin's discovery requests, producing some documents and raising some objections. (Docket # 44, 45, 66); *see* Fed. R. Civ. P. 34(b) (explaining that a response to a document request includes producing the responsive documents or an objection to the request, including the reasons). Martin still maintains, however, that Defendants have not handed over any discovery in this case. (Pl.'s Reply 3.) But Defendants presented signed certified mail domestic return receipts for both the first and second requests for production of documents and their responsive documents. (*See* Defs.' Resp. Exs. A, B, C, & D.) The first discovery request and its responsive documents were mailed to Martin's last known address, and Denice Martin, Martin's mother, signed for them on April 5, 2012. (Defs.' Resp. Ex. B; *see* Defs.' Resp. 2.) Similarly, Martin's second discovery request and the documents responsive to it were mailed to this same address in two envelopes

3

and signed for by Martin himself on September 1, 2012.[4] (Defs.' Resp. Ex D.) As such, Martin's assertion that Defendants have not handed over any discovery in this case is not only wholly unsupported, but also contradicted by the evidence.[5]

And, finally, that Martin has filed previous motions to compel against Defendants and their attorney does not make this particular motion to compel any more persuasive. Martin's frequent filing of motions to compel against these Defendants, and other Fort Wayne police officers, and their attorney does not cure Martin's failure to explain, with particularity, why Defendants' responses to his first and second requests for production of documents were so inadequate as to warrant an order compelling further responses.[6]

Accordingly, Martin's Motion to Compel (Docket # 74) is DENIED.

SO ORDERED.

Entered this 21st day of November, 2012.

/S/ Roger B. Cosbey
Roger B. Cosbey
United States Magistrate Judge

---

[4] Although Defendants state that Denice Martin also signed for these envelopes (Defs.' Resp. 3), the return receipts indicate that Anthony Martin signed for them (*see* Defs.' Resp. Ex. D).

[5] Additionally, as to Martin's argument that Defendants should have mailed their discovery responses to each of his eight cases separately, rather than together, the Court previously instructed the Clerk to send *notices* for each of Martin's cases separately. (*See* Docket # 24.) As such, Defendants were not violating any order in mailing their discovery responses to each case together.

[6] As Defendants note in their response, Martin also never provided the required certification under Fed. R. Civ. P. 37(a)(1), a fatal failing about which he is also certainly aware. *See Anthony Martin v. Fort Wayne Police Dept.*, No. 1:09-cv-74, Sept. 18, 2009, Order (Docket # 20).