# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| ANTHONY C. MARTIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:11-CV-352 |
| | ) |
| FORT WAYNE POLICE DEPT., et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court is *pro se* Plaintiff Anthony Martin's fully-briefed second motion to amend his complaint, filed on December 12, 2012, seeking to "supplement the unknown officers or John Does" by naming Sergeant James Ritchie, Officer Derrick Demorest, and the "911 Dispatcher on February 16, 2011" as defendants in this 42 U.S.C. § 1983 action. (Docket # 87.) The Court denied Martin's first motion to amend in September 2012, which sought to add equal protection and due process claims, because Martin failed to show "good cause" for filing it more than four months after the May 1, 2012, deadline to amend his pleadings. (Docket # 30, 69, 70.)

Martin filed the instant motion to amend *more than seven months* after the May 1st deadline. As this Court has previously explained to Martin, a party seeking to amend a pleading after the date specified in a scheduling order must first show "good cause" for the amendment under Federal Rule of Civil Procedure 16(b). *BKCAP, LLC v. Captec Franchise Trust 2000-1*, No. 3:07-cv-637, 2010 WL 1222187, at *2 (N.D. Ind. Mar. 23, 2010) (quoting *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995)); *see Alioto v. Town of Lisbon*, 651 F.3d 715, 719-20 (7th Cir. 2011) (collecting cases). "[T]o demonstrate good cause, a party must show that despite [his] diligence, the time table could not reasonably have been met." *BKCAP*, 2010 WL

1222187, at *2 (citing *Tschantz*, 160 F.R.D. at 571).

In an attempt to show good cause, Martin argues that the names of these purported defendants "just came to light." (Docket # 87.)  But Defendants respond that Martin called 911 and spoke to the dispatcher on February 16, 2011, to report the traffic stop that gave rise to this litigation, and thus Martin has been aware of the dispatcher's involvement since that date. (Resp. Br. 2.)  Defendants further point out that on April 4, 2012, they responded to Martin's first request for the production of documents and produced the narrative reports of Sergeant Ritchie and Officer Michael McEachern, who both represented that Officer Demorest was at the traffic stop with Martin on February 16, 2011. (Docket # 44.)  Thus, Martin was provided with Officer Demorest and Sergeant Ritchie's names on April 4, 2012, prior to the May 1, 2012, deadline for Martin to amend his complaint.

Furthermore, on August 29, 2012, Defendants responded to Martin's second request for production of documents and provided a copy of Officer Demorest's Daily Activity Report for February 16, 2011, and a copy of the Fort Wayne Law Incident Table, which identifies Officer Demorest and Sergeant Ritchie as responding officers. (Docket # 66.)  Additionally, on September 6, 2012, Defendants answered Martin's first set of interrogatories, listing Sergeant Ritchie, Officer Demorest, and Officer McEachern as officers who responded to the February 16th traffic stop involving Martin and attaching the Daily Activity Reports of these officers. (Docket # 68.)  Thus, Martin's representation that these purported defendants "just came to light" is utterly defied by the record.

Moreover, allowing Martin to name Sergeant Ritchie, Officer Demorest, and the 911 dispatcher as defendants at this juncture would require that additional discovery be conducted.

But discovery closed on October 22, 2012, and this Court emphasized that no further extensions to discovery would be granted. (Docket # 65.) "Courts have a legitimate interest in ensuring that parties abide by scheduling orders to ensure prompt and orderly litigation." *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 851 (7th Cir. 2002) (citation omitted); *see Lackey v. Biomet, Inc.*, No. 1:09-cv-363, 2011 WL 3101575, at *1 (N.D. Ind. July 25, 2011) ("[P]ro se litigants have a duty to follow the procedural rules, despite their status . . . .").

Therefore, because Martin has not established "good cause" for the untimely amendment, his motion to amend his complaint (Docket # 87) is DENIED.[1]

SO ORDERED.

Enter for January 23, 2013.

S/Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge

---

[1] Martin's remaining motions (Docket # 85, 92) are apparently appeals to the District Judge concerning prior discovery rulings. Since discovery has concluded and all that remains are these appeals under Federal Rule of Civil Procedure 72(a), a separate order terminating the assignment of the Magistrate Judge is entered contemporaneously with this Order.