UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| Anthony C. Martin,<br><br>    Plaintiff,<br><br>    v.<br><br>Fort Wayne Police Department, Officer Rodgers, Unknown Officer, Unknown Officer, Unknown Officer, Unknown Officer, The City of Fort Wayne, Mayor Tom Henry, and Chief of Police Russell York,<br><br>    Defendants. | Case No. 1:11-CV-352-JVB-RBC |

## OPINION AND ORDER

In this § 1983 lawsuit, Plaintiff Anthony Martin complains about a February 5, 2011, traffic stop. He claims the officers wrongfully searched his person and car; used excessive force; failed to intervene; behaved vindictively; and harassed, retaliated, and defamed him. Plaintiff alleges this caused mental stress and anguish. He asserts that Defendants violated his Fourth and Fourteenth Amendment rights, as well as his state law rights.

After discovery closed, Defendants Officer Mark Rodgers, the City of Fort Wayne, the Fort Wayne Police Department, Mayor Tom Henry, and Police Chief Russell York move for summary judgment on all of Plaintiff's claims. Upon review, the Court grants the motion as detailed below.

### A. Defendants Provided Plaintiff with Sufficient Notice

Plaintiff claims he did not receive the Motion for Summary Judgment. (Pl.'s. Notice to the Court, DE 105.) "[A] district court cannot properly act on a motion for summary judgment

without giving the opposing party a reasonable opportunity to submit affidavits that contradict the affidavits submitted in support of the motion." *Lewis v. Faulkner*, 689 F.2d 100, 101 (7th Cir. 1982). A reasonable opportunity requires notice, and mere time is not enough, if knowledge of the consequences of not making use of it is wanting. *Id.* The notice must include a short and plain statement of the need to respond, giving both the text of Rule 56(e) and an explanation of the rule in plain English. *Id.* at 102; *see also* N.D. Ind. L.R. 56-1(f).

Here, Defendants sent both the Motion for Summary Judgment and notice to Plaintiff at his stated address via certified mail, and Plaintiff's mother signed the receipt form at Plaintiff's listed address. (Defs.' Response to Pl.'s. Notice to the Court, DE 106-1 at 2; DE 106 at 2.) The motion quoted Rule 56, explained the rule in plain English, and provided the consequences of inaction. (Defs.' Notice of Filing Mot. Summ. J., DE 104.) This notice included all the requirements necessary when filing against a *pro se* plaintiff. Therefore, the Court rejects Plaintiff's lack of notice argument.

**B. Summary Judgment Standard**

A motion for summary judgment must be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A party seeking summary judgment bears the initial responsibility of informing a court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. If the moving party supports its motion for summary judgment with affidavits or other materials, it thereby shifts to the non-moving party the burden of showing that an issue of material fact exists. *Keri v. Bd. of Trust. of Purdue Univ.*, 458 F.3d 620, 628 (7th Cir. 2006).

Rule 56(e) specifies that once a properly supported motion for summary judgment is made, "the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts to establish that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences and resolve all doubts in favor of that party. *Keri*, 458 F.3d at 628. A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson v. Liberty Lobby*, 477 U.S. 242, 249–50 (1986).

## C. Summary of Events

In his Amended Complaint, Plaintiff alleged the Defendants committed several violations of federal and Indiana state law, but he never responded to Defendants' Motion for Summary Judgment or provided any evidence to support these allegations. When a party fails to properly address another party's facts, the court may consider those facts undisputed. Fed. R. Civ. P.

56(C)(e)(2). Unlike Plaintiff, Defendants submitted their facts and supported them with evidence. Because Plaintiff did not challenge these facts, the Court considers them admitted.

**(1)** *Plaintiff's Traffic Stop and Detainment*

On February 5, 2011, Officer Mark Rodgers was on duty as a Fort Wayne police officer. (Rodgers Aff., DE 102-1 at 1.) That day he was in full police uniform in his marked police car using his radar gun to check for speeding cars and drunk drivers at the intersection of Coliseum Boulevard and Parnell Avenue. (*Id.*) He noticed a dark-colored car swiftly traveling westbound. (*Id.*) Officer Rodgers's radar gun showed the car going fifty miles per hour in a forty miles-per-hour zone. (*Id.*) He then saw the car go through a red traffic light. (*Id.* at 2.) He later learned that Plaintiff was the driver of the car.

Officer Rodgers turned onto Coliseum Boulevard to stop Plaintiff, but he pulled his car into the BP gas station parking lot. (*Id.*) Plaintiff walked out of his car and walked towards the gas station. (*Id.*) Officer Rodgers called for him to return to his car, which he did. (*Id.*) The officer asked Plaintiff for his driver's license and vehicle registration, to which he responded asking what he did wrong. (*Id.*) Officer Rodgers asked Plaintiff if he knew the speed limit on Coliseum, and he did not know. (*Id.*) The officer told him the speed limit was forty miles per hour, to which Plaintiff said he "was only going thirty-five." (*Id.*)

Next, Plaintiff became irate and started "screaming" that he wanted a sergeant. (*Id.*) This was when Officer Rodgers smelled alcohol on his breath. (*Id.*) When the officer tried to perform a portable breath test, Plaintiff yelled an obscenity and asked his female passenger to come over because he did not like the officer's actions. (*Id.*) Officer Rodgers then called for backup, and several officers arrived to assist. (*Id.*)

Due to Plaintiff's volatile behavior and alcohol odor, Officer Rodgers handcuffed him and placed him in the backseat of his police car to ensure officer safety. (*Id.*) He advised Plaintiff that he was not under arrest but was being temporarily held for alcohol level testing. (*Id.*) While Officer Rodgers checked Plaintiff's license and wrote his tickets, Plaintiff continued yelling, while saying he wanted a sergeant and was going to file a complaint. (*Id.* at 3.)

After writing the tickets, Officer Rodgers performed the breath test, which showed a blood alcohol level of .03%. (*Id.*) The officer then released Plaintiff and issued him tickets for speeding and ignoring a red traffic light. (*Id.*) Plaintiff then said he wanted all the officers' names and was going to file a complaint. (*Id.*) After this, Plaintiff left and Officer Rodgers returned to his other duties. (*Id.*)

Throughout this incident, Officer Rodgers did not draw his gun, point it at Plaintiff, or use any other form of physical force—beyond handcuffing and placing him in the police car—against him. (*Id.*) He also did not search Plaintiff's car. (*Id.*)

**(2)** *Indiana Criminal Proceedings*

About two weeks later, the State of Indiana charged Plaintiff with speeding and disregarding a traffic signal. (C.C.S. 02D04-1102-IF-001366, DE 102-2 at 1.) Plaintiff failed to appear for his April 8, 2011, bench trial. (*Id.*). On August 10, 2011, the judge entered these charges as admitted, and Plaintiff paid the fines and costs. (*Id.* at 2.)

**D. There is no Evidence Supporting Plaintiff's Indiana State Law Claims**

Although Plaintiff alleges a series of claims against the defendants for defamation, negligence, mental anguish and stress, harassment, and retaliation, he provided no evidence to

5

support these claims. Nothing in the facts presented to the court suggests that any of the defendants or their agents participated in such conduct. Therefore, these state law claims will be dismissed.

**E. Section 1983 Standards**

Under 42 U.S.C. § 1983, Plaintiff alleges in his Amended Complaint violations of his Fourth and Fourteenth Amendments rights. Section 1983 provides "a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *City of Monterrey v. Del Monte Dunes at Monterrey, Ltd.*, 526 U.S. 687, 749 n.9 (1999). A cause of action may be brought under § 1983 against "[e]very person who, under color of statute, ordinance, regulation, custom or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction therefor to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws."

**F. The Statute of Limitations Expired on the Four "Unknown Officers"**

The Plaintiff also listed four "unknown officers" as defendants. It is pointless to include lists of anonymous defendants in federal court because this type of placeholder does not open the door to relation back under Federal Rule of Civil Procedure 15(c), nor does this help a plaintiff in any way. *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997); Also, constitutional claims must be brought within the state's two-year statute of limitations. *See King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910, 913 (7th Cir. 2000) (stating that federal courts adopt state personal injury statute of limitations for § 1983 actions); *see also* Ind. Code § 34-11-2-4 (2013).

Here Plaintiff's claims against the "unknown officers" are meaningless because the actual officers referred to cannot possibly know they were being sued. Further, the statute of limitations against these officers ran on February 5, 2013, without Plaintiff suing them by name. As such, the Court will dismiss Plaintiff's claims against the unknown officers.

**G. Plaintiff's Claims against Fort Wayne Police Chief Russell York and Mayor Tom Henry Fail**

Plaintiff sued both Fort Wayne's mayor and police chief for the officers' alleged conduct. Individual liability under § 1983 must be based on a finding that the defendant caused the alleged constitutional deprivation. *Palmer v. Marion Cnty.*, 327 F.3d 588, 594 (7th Cir. 2003). The plaintiff must demonstrate that the defendant personally participated in or directly caused the deprivation of his rights. *Alejo v. Heller*, 328 F.3d 930, 936 (7th Cir. 2003). The doctrine of *respondeat superior* cannot be used under § 1983 to create liability for supervisors due to the misconduct of subordinates. *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). Instead, the plaintiff must demonstrate that the defendant was personally responsible by "act[ing] or fail[ing] to act with a deliberate or reckless disregard of plaintiff's constitutional rights," or that "the conduct causing the constitutional deprivation occur[red] at [the defendant's] direction or with [the defendant's] knowledge or consent." *Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir. 1982).

No facts show that Police Chief York or Mayor Henry were personally involved in any conduct which violated § 1983. In fact, they neither knew about nor participated in Plaintiff's traffic stop. There can be no personal or supervisory liability for them under § 1983, so their motion for summary judgment is granted.

**H. The Fort Wayne Police Department cannot be Sued Separately from the Municipality**

Plaintiff also sued the Fort Wayne Police Department separately from the City of Fort Wayne. Municipalities may be subject to suit for constitutional violations under § 1983. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). Under Indiana law, a "municipal corporation" is a "unit, . . . or other separate local governmental entity that may sue and be sued." Ind. Code § 36-1-2-10 (2013). A "municipality" is a "city or town," and " 'unit' means county, municipality, or township." Ind. Code § 36-1-2-11 (2013); Ind. Code § 36-1-2-23 (2013). These statutes say nothing about a police department suing or being sued. Therefore, Indiana municipal police departments lack the capacity to sue or be sued.[1]

For these reasons, the Court finds, under Indiana law, that the Fort Wayne Police Department has no separate legal existence apart from the City of Fort Wayne and is not a suable entity under § 1983. Accordingly, the Court will grant summary judgment in favor of the Police Department.

**I. The City of Fort Wayne is not Liable under Section 1983**

Plaintiff claims the City of Fort Wayne is liable for the officers' alleged conduct. A municipality can be held liable under § 1983 but only for an unconstitutional official policy or custom or failure to train its employees. *Palmer v. Marion Cnty.*, 327 F.3d 588, 594–95 (7th Cir. 2003); *see also City of Canton, Ohio v. Harris*, 489 U.S. 378, 388–89 (1989) (holding that inadequacy of police training may serve as a basis of municipal liability when it evidences "deliberate indifference").

Here, there is no evidence of an unconstitutional official policy or custom. Nor is there any evidence showing the city failed to properly train its officers to deal with situations such as this.

---

[1] This finding is consistent with Seventh Circuit precedent on the issue. *See Best v. City of Portland*, 554 F.3d 698 n.* (7th Cir. 2009) (citing *West v. Waymire*, 114 F.3d 646, 646–47 (7th Cir.1997)) (refusing to allow the police department be sued separately from the city).

Thus, the city cannot be held liable under § 1983, and the Court grants summary judgment in its favor.

**J. Officer Rodgers did not Violate the Plaintiff's Fourth or Fourteenth Amendment Rights**

**(1)** *No Unreasonable Seizure*

Plaintiff claims that Officer Rodgers unreasonably seized him and his car.

It is "[t]he right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures." U.S. Const. amend. IV. This right protects citizens from state violations through the Fourteenth Amendment's Due Process Clause. *See Hudson v. Michigan*, 547 U.S. 586, 606–08 (2006) (applying Fourth Amendment protections against state actors). However, this guarantee does not prohibit all searches and seizures; only those that are unreasonable. *United States v. Lewis*, 910 F.2d 1367, 1370 (7th Cir. 1990). Detaining a car for a traffic violation is a permissible intrusion if the stop is based on a reasonable suspicion. *Id.*

Further, officers may "take such steps as [are] reasonably necessary to protect their personal safety and maintain the status quo during the course of the stop." *United States v. Hensley*, 469 U.S. 221, 235 (1985). Officers may detain someone long enough to identify them. *See Pliska v. City of Stevens Point, Wis.*, 823 F.2d 1168, 1178 (7th Cir. 1987) (finding officer's detaining man in backseat of police car just long enough to identify him after he was antagonistic to officer's questioning to be reasonable).

Here, Officer Rodgers stopped Plaintiff after he saw him traveling fifty miles per hour in a forty miles-per-hour zone and ignore a red traffic light in violation of Indiana Code 9-21-3-7. Having seen these violations, Officer Rodgers had not only reasonable suspicion, but also probable cause to stop Plaintiff's car to issue the tickets.

Officer Rodgers detainment of Plaintiff was also reasonable. When the officer tried to speak with him, Plaintiff had the smell of alcohol on his breath and started yelling and causing a disturbance. The officer told him he was not under arrest and only handcuffed him long enough to identify him and issue the traffic tickets. This was reasonable to protect the officer's safety during the stop. Therefore, no unreasonable seizure occurred.

**(2)** *No Unreasonable Search*

Plaintiff also alleges in his Amended Complaint that Officer Rodgers unreasonably searched him and his car. After detaining Plaintiff to verify his identify and issue the tickets, Officer Rodgers allowed Plaintiff and his passenger to leave. No officer searched Plaintiff's person or car, let alone did so unreasonably.

**(3)** *No Excessive Force*

Further, Plaintiff claims that Officer Rodgers used excessive force against him.

Excessive force claims are analyzed using a "reasonableness" standard to determine whether the officer's "actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989). This reasonableness must be judged from the reasonable on-scene officer's perspective. *Id.* at 396. This requires the court to "'balance the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests." *Id.* (quoting *Tennessee v. Garner*, 471 U.S. 1, 8, (1985)).

In this case, Officer Rodgers handcuffed Plaintiff and temporarily detained him in the back of the officer's police car. He did this after he smelled alcohol on Plaintiff's breath and Plaintiff

started yelling and became agitated. Officer Rodger's actions were reasonable under the circumstances to ensure officer safety and keep Plaintiff on the scene for alcohol testing. Because his actions were reasonable, Officer Rodgers's force was not unconstitutionally excessive.

**K. No Officer Failed to Intervene.**

Plaintiff alleges that an officer failed to intervene during the alleged constitutional violations.

A police officer may not "fail to stop other officers who summarily punish a third person in his presence or otherwise within his knowledge." *Byrd v. Brishke*, 466 F.2d 6, 11 (7th Cir. 1972). This responsibility applies equally to supervisory and nonsupervisory officers. *Id.* An officer who is present and fails to intervene to prevent other law enforcement officers from infringing the constitutional rights of citizens is liable under § 1983 if that officer had reason to know: (1) that excessive force was being used; (2) that a citizen has been unjustifiably arrested; or (3) that any constitutional violation has been committed by a law enforcement official; and the officer had a realistic opportunity to intervene to prevent the harm from occurring. *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994). Because no officer used excessive force against Plaintiff, unreasonably seized him, or committed any other constitutional violation, no officer had a duty to intervene.

**L. Conclusion**

Federal Rule of Civil Procedure 56 requires a court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." There is no genuine dispute of material facts because Plaintiff

accepted Defendants' facts as true by not responding with alternative evidence. According to the evidence presented, the Defendants did not violate any of Plaintiff's federal or Indiana state rights. Therefore, the Court GRANTS Defendants' Motion for Summary Judgment (DE 102) on all of Plaintiff's claims. The Clerk is directed to enter summary judgment for all defendants.

SO ORDERED on March 5, 2014.

s/ Joseph S. Van Bokkelen  
Joseph S. Van Bokkelen  
United States District Judge